# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MORGAN HOWARTH,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. A-21-CV-00643-RP** |
| | § | |
| **JAMES GREENHAW and SIMNET, LLC,** | § | |
| | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Morgan Howarth's Opposed Motion to Strike Defendants' Affirmative Defenses, Dkt. 9; Defendants James Greenhaw and Simnet, LLC's Opposition To Motion To Strike Affirmative Defenses and Motion for Leave to Supplement Original Answer, Dkt. 12; and Howarth's Reply in Support of Opposed Motion to Strike Affirmative Defenses, Dkt. 15. After considering the parties' filings and the applicable case law, the undersigned issues the following Report and Recommendation.

## I.      BACKGROUND

Howarth sued Defendants for copyright infringement in connection with Defendants' alleged improper use of Howarth's copyrighted photographic images. Dkt. 1. Defendants' Answer alleged that they held valid licenses to Howarth's work and that Howarth failed to provide them notice prior to the license's expiration.

Defendants further stated that Howarth knew of the alleged infringement by February 26, 2021, yet did not inform Defendants of the infringement until over two months later on May 5, 2021, and that Defendants discontinued their allegedly infringing use on that same day. Dkt. 8, at 3. Based on these factual allegations, Defendants asserted the following equitable affirmative defenses: "laches, estoppel, equitable estoppel, failure to mitigate damages, and unclean hands, including but not limited to copyright misuse." *Id.*, at 4.

Howarth now moves to strike all but one[1] of Defendants' affirmative defenses, arguing Defendants failed to plead them sufficiently. Dkt. 9. Defendants in their response withdraw their copyright-misuse defense but otherwise argue that their defenses were sufficiently pleaded. Dkt. 12, at 8. Alternatively, Defendants move for leave to amend their original answer to address the alleged deficiencies (and add an additional affirmative defense). *Id.*, at 6-8. Howarth opposes Defendants' request for leave. Dkt. 15.

## II.     LEGAL STANDARD

### A.     Motion to Strike Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice," *Augustus v. Bd. of Pub. Instr. Of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.

---

[1] Howarth concedes that Defendants sufficiently pleaded their failure-to-mitigate defense. Dkt. 9, at 3.

1962), and "because it is often sought by the movant as a dilatory tactic, motions under 12(f) are viewed with disfavor and are infrequently granted," *Joe Hand Promotions, Inc. v. HRA Zone, LLC*, No. A-13-CA-359-LY, 2013 WL 5707810, at *1 (W.D. Tex. Oct. 18, 2013). Courts have broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

A Rule 12(f) motion to strike an affirmative defense "is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question." *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). A motion to strike should be denied if there is any disputed question of fact. *Augustus*, 306 F.2d at 868. Even when dealing with a pure question of legal sufficiency, courts are still "very reluctant" to determine such issues on a motion to strike, instead viewing such questions "as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004).

Federal Rule of Civil Procedure 8(b)(1) sets out the fundamental pleading standard for defenses in civil litigation, requiring a responding party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Further, Rule 8(c) requires a defendant to "affirmatively state any

avoidance or affirmative defense," and non-exhaustively lists eighteen affirmative defenses that must be affirmatively stated. Fed. R. Civ. P. 8(c)(1). The Fifth Circuit has clarified that the "fair notice" pleading standard applies to affirmative defenses, stating "a technical failure to comply precisely with Rule 8(c) is not fatal" so long as the defendant pleads "with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (cleaned up). The "fair notice" pleading requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "In some cases, merely pleading the name of the affirmative defense ... may be sufficient" to give the plaintiff fair notice of the defense being advanced. *Id.*

### B.     Motion for Leave to Amend Pleadings

Rule 15 governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)). Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 591 (quoting *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962)). Courts use the Rule 12(b)(6) standard to evaluate futility, and courts deny leave as futile when "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Id.* at 591-92; *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

## III.     DISCUSSION

### A.     Howarth's Motion to Strike Defendants' Affirmative Defenses

#### 1.     Laches

Howarth contends that Defendants' laches claim fails as a matter of law, citing the observation in *Petrella v. MGM*, 572 U.S. 663, 685 (2014), that the Copyright Act's statute of limitations "leaves 'little place' for a doctrine that would further limit the timeliness of a copyright owner's suit." Dkt. 9, at 4. And while Defendants respond that the holding in *Petrella* left some daylight for a laches defense in a copyright case, Defendants do not address the multiple cases cited by Howarth which have found post-*Petrella* that "laches is not a viable defense" in copyright cases. *See Live Face on Web, LLC v. Natchez Bd. of Realtors, Inc.*, No. 5:17-CV-122-DCB-MTP, 2018 WL 1247880, at *1 (S.D. Miss. Mar. 9, 2018) (collecting cases). Based on these holdings, the undersigned recommends that the District Court grant Howarth's motion to strike Defendants' laches defense with prejudice.

#### 2.     Estoppel

With respect to Defendants' estoppel and equitable estoppel affirmative defenses, Howarth contends that Defendants "haven't articulated any 'wrongdoing'

or 'overt misleading' that they detrimentally relied upon. Nor is it conceivable that they could—the parties had no communications prior to the date of notice." Dkt. 9, at 5. Unlike the laches argument, Howarth's position here does not allege outright futility as a matter of law. Because Defendants' pleading deficiency could possibly be remedied with added specificity if granted leave to amend, *see infra* Part III.B, the undersigned recommends that the District Court deny Howarth's motion to strike Defendants' estoppel-based affirmative defenses.[2]

### 3. Unclean Hands

As with Defendants' estoppel defenses, Howarth argues that Defendants failed to plead the defense with sufficient specificity. Dkt. 9, at 5-6. For the same reasons stated in the previous section regarding Defendants' estoppel defenses, *supra* Part III.A.2, the undersigned recommends that the District Court deny Howarth's motion to strike Defendants' unclean-hands affirmative defense.

### B. Defendants' Motion for Leave to Amend

While Defendant's factual allegations arguably go slightly further than the "[b]aldly nam[ed] … defenses" rejected in the cases cited by Howarth,[3] the undersigned agrees that the estoppel and unclean-hands affirmative defenses would benefit from additional specificity. *See, e.g.*, *Wesler v. VP Racing Fuels, Inc.*, No.

---

[2] The undersigned agrees with Howarth that the inquiry on the 12(f) motion is limited to the pleadings, and that Defendants cannot cure their pleading deficiency by reference to the extrinsic evidence they attached as exhibits to their response. Dkt. 15, at 5. Howarth nonetheless concedes that courts *can* consider such evidence in connection with a motion for leave to amend. *Id.*, at 6 n.5.

[3] *See* Dkt. 15 (quoting *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2019 WL 2098110, at *3 (W.D. Tex. Apr. 23, 2019)).

1:20-CV-176-RP, 2021 WL 4053415, at *8 (W.D. Tex. May 10, 2021), report and recommendation adopted, 2021 WL 4053187 (W.D. Tex. July 2, 2021) ("[W]ithout some indication of the conduct that VP Racing finds inequitable or contends it detrimentally relied upon, Wesler cannot appropriately tailor its discovery on the issue."). The undersigned, therefore, recommends that the District Court grant Defendants' motion for leave to amend in order to further specify the factual allegations supporting its estoppel and unclean-hands affirmative defenses. The undersigned likewise declines to preemptively bar Defendants from asserting an innocent-infringement affirmative defense in its amended pleading. *See, e.g.*, *Virgin Enters. Ltd. v. Virginic LLC*, No. 19-CV-0220-F, 2020 WL 1845232, at *3 (D. Wyo. Apr. 10, 2020) (addressing the viability of innocent infringement as an affirmative defense to copyright infringement).

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' motion for leave to amend, Dkt. 12, to allow Defendants an opportunity to provide further specificity for their estoppel and unclean-hands affirmative defenses and to assert an innocent-infringement defense; and **GRANT IN PART** and **DENY IN PART** Howarth's motion to strike Defendants' affirmative defenses, Dkt. 9. In particular, the undersigned **RECOMMENDS** that the District Court **GRANT** Howarth's motion to strike Defendants' laches defense with prejudice, and **DENY** the remainder of Howard's motion to strike.

7

It is **FURTHER ORDERED** that this cause of action is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED November 8, 2021.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE