IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Morgan Howarth, § § Plaintiff, § § § CASE NO. 1:21-CV-643-RP v. § § James Greenhaw & Simnet, LLC, § § Defendants. § § | |

Morgan Howarth,

　　Plaintiff,

v.

James Greenhaw & Simnet, LLC,

　　Defendants.

CASE NO. 1:21-CV-643-RP

## **DEFENDANTS' FIRST AMENDED ANSWER**

Defendants James Greenhaw & Simnet, LLC (collectively "Defendants") file this First Amended Answer to Plaintiff's complaint and respectfully plead as follows:

### PARTIES

1.　　No response is required.

2.　　Defendant James Greenhaw admits that he is an individual residing in Round Rock, Texas.

3.　　Defendant Simnet, LLC ("Simnet") admits that it is a Texas limited liability company with its principal place of business in Round Rock, Texas.

### NATURE OF THE CLAIMS

4.　　Defendants admit that this purports to be an action for copyright infringement under 17 U.S.C. § 101 et seq. Anything not specifically admitted is denied.

### JURISDICTION AND VENUE

5.　　Admitted.

6.　　Admitted.

## CONDITIONS PRECEDENT

7. Defendants have insufficient information regarding this allegation, and on that basis deny it.

## BACKGROUND FACTS

8. No response is required.

9. Defendant Simnet admits that it is a rural high speed Internet service company. Anything not specifically admitted is denied.

10. Defendants have insufficient information regarding this allegation, and on that basis deny it.

11. Defendant Simnet admits that it acquired a license to the subject photograph on Plaintiff's website on Jan 14, 2020, and used the licensed material according to its understanding of the license at the time. Use of the licensed materials ceased on or before May 5, 2021. Defendants have insufficient information regarding the remainder of this allegation, and on that basis deny it. Anything not specifically admitted is denied.

12. Defendant Simnet admits that it acquired a license to the subject photograph on Plaintiff's website on Jan 14, 2020, and used the licensed material according to its understanding of the license at the time. Use of the licensed materials ceased on or before May 5, 2021. Defendants have insufficient information regarding the remainder of this allegation, and on that basis deny it. Anything not specifically admitted is denied.

13. No response is required.

## COUNT 1 – COPYRIGHT INFRINGEMENT

14. No response is required.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT 2 – VICARIOUS INFRINGEMENT

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## GENERAL DENIAL

Defendants deny any express or implied allegations of the Complaint not specifically responded to above and deny that Plaintiff is entitled to any relief sought in its Prayer, or any other relief sought.

## DEFENSES

1. Defendants purchased a valid license to the allegedly copyrighted material on Jan. 14, 2020, valid for no less than one year.

2. Plaintiff provided no notice prior to or on the purported expiration date of the valid license purchased by Defendants.

3. Plaintiff provided no indication that it believed that the purchased license did not cover Defendants' actual use of the allegedly copyrighted material in the relevant time period of the license.

4. Plaintiff knew of the alleged copyright infringement on or about February 26, 2021.

5. Plaintiff did not notify Defendants of the alleged copyright infringement until May 5, 2021.

6. Defendants discontinued use of the allegedly copyrighted image on the same day, May 5, 2021.

## FIRST AFFIRMATIVE DEFENSE – EXPRESS LICENSE

7. Plaintiff's claims and its right to recover therefrom are barred in whole or in part by an express license.

8. Defendants purchased a license to the allegedly copyrighted material on Jan. 14, 2020, valid for no less than one year.  The scope of the express license covered Defendants' use of the allegedly copyrighted material at least during the relevant time period.

## SECOND AFFIRMATIVE DEFENSE – IMPLIED LICENSE

9. Plaintiff's claims and its right to recover therefrom are barred in whole or in part by an implied license.

10. Defendants purchased a license to the allegedly copyrighted material on Jan. 14, 2020, valid for no less than one year.  The scope of this express license covered Defendants' use of the allegedly copyrighted material at least during the relevant time-period.

11. Plaintiff knew or reasonably should have known of Defendants' actual use of the allegedly copyrighted material as of the purchase date of the actual license purchased on Jan. 14, 2020.  Plaintiff's admission that it had actual knowledge thereof at least by February 26, 2021, supports that Plaintiff was able to confirm public use of the allegedly copyrighted material at any time.

12. At no time during the relevant time period of the actual license purchased did Plaintiff indicate to Defendants that it believed that Defendants' actual use exceeded the scope of the actually purchased license.

13. Defendants relied on Plaintiff's acquiescence to Defendants' actual use of the allegedly copyrighted material.

14. To the extent Plaintiff alleges that the scope of the license that Defendants actually purchased did not cover Defendants' actual use of the allegedly copyrighted material, Defendants had an implied license for use of the allegedly copyrighted material during the relevant time period. The license executed by the parties and plaintiff's failure to timely allege that the scope of that license excluded Defendants' actual use supports Defendants' reasonable belief and detrimental reliance that Defendants had a valid license to the allegedly copyrighted material.

**THIRD AFFIRMATIVE DEFENSE – ESTOPPEL AND EQUITABLE ESTOPPEL**

15. Plaintiff's claims and its right to recover therefrom are barred in whole or in part by estoppel and equitable estoppel.

16. Plaintiff had knowledge of the license purchased by Defendants as of the purchase date on Jan 14, 2020.

17. Plaintiff had knowledge of the alleged infringement as of Feb. 26, 2021.

18. Plaintiff did not assert its claim until May 4, 2021, when it sent an email notifying Defendants of the alleged infringement. Plaintiff did not file suit until July 20, 2021.

19. Plaintiff intentionally offered a license on its website as of Jan. 14, 2020, which it now claims should not have been publicly available. Plaintiff further intentionally offered a second license on its website for website use of the allegedly infringed photograph at a fraction of the price it now alleges.

20. Defendants reasonably believed they had a valid license for their actual use. Defendants discontinued actual use of the allegedly copyrighted material on the first day they were notified of the infringement allegations.

21. Defendants reasonably relied on this information, including Plaintiff's representation regarding the scope of the license actually purchased.

### FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

22. Plaintiff's claims and its right to recover therefrom are barred in whole or in part by its failure to mitigate damages.

23. Plaintiff had knowledge of the license purchased by Defendants as of the purchase date on Jan 14, 2020.

24. Plaintiff had knowledge of the alleged infringement as of Feb. 26, 2021.

25. Plaintiff did not assert its claim until May 4, 2021, when it sent an email notifying Defendants of the alleged infringement. Defendants discontinued use of the allegedly copyrighted material on that same day. Plaintiff did not file suit until July 20, 2021.

26. Plaintiff failed to reasonably mitigate damages by not notifying Defendants immediately of the alleged infringement, thereby depriving Defendants of the ability to discontinue the allegedly infringing use of the relevant material.

### FIFTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

27. Plaintiff's claims and its right to recover therefrom are barred in whole or in part by its unclean hands.

28. Plaintiff intentionally offered a license on its website as of Jan. 14, 2020, which it now claims should not have been publicly available, and further intentionally offered another license on its website for website use of the allegedly infringed photograph at a fraction of the price it now alleges.

29. Defendants relied on the originally offered license and purchased it in good faith. Plaintiff relied on the listed price of the purchased license.

30. Plaintiff now misrepresents the scope of the purchased license, as well as the alternatively available license, as well as the customary price for a license for Defendants' actual use.

31. Defendants relied on the facial scope of the purchased license, and on the price listed thereon for Defendants actual use. Defendants' discontinued use of the allegedly infringed photograph on the first day it received notification of the claim of infringement.

## SIXTH AFFIRMATIVE DEFENSE – INNOCENT INFRINGEMENT

32. Plaintiff's claims and its right to recover therefrom are barred in whole or in part by the affirmative defense of innocent infringement pursuant to 17 U.S.C.A. § 504.

33. Defendants had purchased an actual license offered on Plaintiff's website. Defendants had a reasonable belief that the license actually purchased covered the intended use—which was the only purpose Defendants had for the allegedly infringed photograph. Defendants were therefore not aware and had no reason to believe that Defendants' acts constituted an infringement of a copyright.

## PRAYER

Wherefore, Defendants pray that Plaintiff's claims be dismissed in their entirety with prejudice, that Plaintiff be allowed to take nothing therefrom, and that Defendants be awarded Defendants' reasonable costs and attorney fees pursuant to 17 U.S. Code § 505 and 28 U.S. Code § 1927 together with any such other relief that the Court finds just.

Respectfully submitted,

Date:   23 December 2021                \s\ *Henning Schmidt*

                    Henning Schmidt
                    DIMUROGINSBERG P.C.
                    1101 King Street, Suite 610
                    Alexandria, Virginia 22314
                    Phone: (512) 826-7067
                    Fax: (703) 548-3181
                    Email: hschmidt@dimuro.com

*Attorney for Defendant James Greenhaw & Simnet, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been filed electronically with the Court and will be served via email on all counsel of record on 23 December 2021.

\s\ *Henning Schmidt*
Henning Schmidt