UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MORGAN HOWARTH,** *Plaintiff* § § § | |
| v. § | No. A-21-CV-00643-RP |
| § | |
| **JAMES GREENHAW and SIMNET, LLC,** *Defendants* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Morgan Howarth's Opposed Motion to Strike Defendants' Affirmative Defenses and Judgment on the Pleadings, Dkt. 29, and all related filings. After considering the parties' filings and the applicable case law, the undersigned issues the following Report and Recommendation.

## I.   BACKGROUND

Howarth sued Defendants for copyright infringement in connection with Defendants' alleged improper use of Howarth's copyrighted photographic images. Dkt. 1. Defendants' original Answer alleged that they held valid licenses to Howarth's work and that Howarth failed to provide them notice prior to the license's expiration. Defendants further stated that Howarth knew of the alleged infringement by February 26, 2021, yet did not inform Defendants of the infringement until over two months later on May 5, 2021, and that Defendants

1

discontinued their allegedly infringing use on that same day. Dkt. 8, at 3. In their original Answer, Defendants asserted the following equitable affirmative defenses: "laches, estoppel, equitable estoppel, failure to mitigate damages, and unclean hands, including but not limited to copyright misuse." *Id.*, at 4.

Howarth moved to strike all of Defendants' affirmative defenses, with the exception of the failure to mitigate defense. The undersigned issued a Report and Recommendation on November 8, 2021, Dkt. 22, which was adopted by the District Court. Dkt. 27. In the undersigned's Report and Recommendation, the undersigned recommended that the district court: (1) strike Defendants' laches defense; (2) deny the motion to strike Defendants' estoppel, equitable estoppel, and unclean hands affirmative defenses "because Defendants' deficiency could possibly be remedied with added specificity if granted leave to amend"; and (3) grant Defendants leave to amend its Answer. Defendants subsequently amended their Answer on December 23, 2021, Dkt. 28, including the following affirmative defenses: express license, implied license, estoppel and equitable estoppel, failure to mitigate damages, unclean hands, and innocent infringement. *Id.*, at 4-6. The undersigned stated in that prior Report and Recommendation:

> The undersigned, therefore, recommends that the District Court grant Defendants' motion for leave to amend in order to further specify the factual allegations supporting its estoppel and unclean-hands affirmative defenses. The undersigned likewise declines to preemptively bar Defendants from asserting an innocent-infringement affirmative defense in its amended pleading.

*Id.*, at 8.

Howarth now again moves to strike all but one of Defendants' affirmative defenses, arguing Defendants failed to plead them sufficiently, and arguing that Defendants failed to obtain leave of court to add the affirmative defenses of express and implied license. Dkt. 29. Defendants respond their defenses are sufficiently pleaded and that leave was not required. Dkt. 45.

## II. LEGAL STANDARD

### A. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice," *Augustus v. Bd. of Pub. Instr. Of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962), and "because it is often sought by the movant as a dilatory tactic, motions under 12(f) are viewed with disfavor and are infrequently granted," *Joe Hand Promotions, Inc. v. HRA Zone, LLC*, No. A-13-CA-359-LY, 2013 WL 5707810, at *1 (W.D. Tex. Oct. 18, 2013). Courts have broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

A Rule 12(f) motion to strike an affirmative defense "is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense

3

in question." *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). A motion to strike should be denied if there is any disputed question of fact. *Augustus*, 306 F.2d at 868. Even when dealing with a pure question of legal sufficiency, courts are still "very reluctant" to determine such issues on a motion to strike, instead viewing such questions "as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004).

Federal Rule of Civil Procedure 8(b)(1) sets out the fundamental pleading standard for defenses in civil litigation, requiring a responding party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Further, Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense," and non-exhaustively lists eighteen affirmative defenses that must be affirmatively stated. Fed. R. Civ. P. 8(c)(1). The Fifth Circuit has clarified that the "fair notice" pleading standard applies to affirmative defenses, stating "a technical failure to comply precisely with Rule 8(c) is not fatal" so long as the defendant pleads "with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (cleaned up). The "fair notice" pleading requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "In some cases, merely pleading the name of the affirmative

4

defense ... may be sufficient" to give the plaintiff fair notice of the defense being advanced. *Id.*

### B. Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings is functionally equivalent to a Rule 12(b)(6) motion to dismiss and therefore relies upon the same standards. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A Wright & Miller, Fed. Prac. & Pro. § 1368, at 591 (Supp. 2002)).

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

### C. Motion for Leave to Amend Pleadings

Rule 15 governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)). Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 591 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts use the Rule 12(b)(6) standard to evaluate futility, and courts deny leave as futile when "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Id.* at 591-92; *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

### III. DISCUSSION

#### A. Express License and Implied License

Howarth first argues that Defendants improperly added the affirmative defenses of license and implied license without leave of court. Howarth argues that the prior orders in the case were specific and limited Defendants to replead their affirmative defenses of estoppel and unclean hands, and to add a single affirmative defense of innocent infringement. Dkt. 22; Dkt. 27. Howarth argues that this violates the Court's Scheduling Order, Dkt. 23, stating the deadline to amend or supplement pleadings is on or before March 14, 2022; and violates Federal Rule of Civil Procedure 15, allowing a party to amend once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B), or in all other respects "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the Defendants obtained no leave or written consent for

6

the amendments, Howarth argues that these defenses should be stricken on this basis.

Defendants respond that their original Answer in fact included a defense of license. Dkt. 8, at 3. ("Defendant purchased a valid license to the allegedly copyrighted material on Jan. 14, 2020, valid for no less than one year."). Defendants further assert that their First Amended Answer merely added factual detail to this defense. Dkt. 28. Additionally, Defendants move for leave to amend their license defenses. Applying the liberal standard of Rule 15, the undersigned finds that Defendants should be granted leave to amend their Complaint to add the affirmative defenses of express and implied license.

Moving to strike the license affirmative defense, Howarth argues that the license was obtained by an individual named Larry Johnson and not by either of the named Defendants. He offers the license as evidentiary support. Dkt. 29-1. "[A] license defense requires privity of contract" and "the benefits and burdens of a contract belong solely to the contracting parties." *Stross v. Redfin Corp.*, 730 F. App'x 198, 203, 205 (5th Cir. 2018). A license acts as a "shield" to a claim for copyright infringement only so long as the defendant acts within the scope of the license, "for the relevant time period." *Id.* at 203 (citing *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012)).

Defendants argue that whether Defendants had a license to use the photograph is a disputed fact because Simnet's answer specifically alleges that "Defendants purchased a license to the allegedly copyrighted material on Jan. 14,

7

2020, valid for no less than one year." Dkt. 8, at 3; Dkt. 28, at 4. "The scope of this express license covered Defendants' use of the allegedly copyrighted material at least during the relevant time-period." Dkt. 28, at 4. Defendants assert that in the context of a motion to strike, these factual allegations should be taken by the court as true. Moreover, Defendants argue that the license that was issued to Larry Johnson is not contained in the pleadings, is contradicted by Howarth's pleading, and therefore is a disputed fact.

First, Howarth's Complaint does state that the license was obtained by Larry Johnson, Simnet's Chief Technology Officer, and thus this is not the basis of any internal factual inconsistency. Dkt. 1, at 5. Rather, Defendants plead that Simnet obtained the license, which appears to be a fact disputed in the parties' pleadings, and a copy of the purchase document of the license was not attached to the Complaint. "A motion to strike cannot be used to test the underlying merits of the defense because the defense appears to be valid on the basis of the pleading and its insufficiency only can be demonstrated by material that is outside the pleadings." 5C Wright, Miller, Kane & Marcus, Federal Practice & Procedure: Civil § 1381 (3d ed.). Federal Rule of Civil Procedure 10(c) states, "Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The license in issue is not attached to Howarth's complaint and thus the undersigned may not

8

consider it for the purpose of a motion to strike. Accordingly, the motion must be denied as to this issue.

However, this issue may be considered in the context of a Rule 12 (c) motion. The undersigned takes judicial notice of the documentary support of the purchase of the license, Dkt. 29-1, showing that Larry Johnson purchased the license in his own name and not on behalf of Defendants. Additionally, Defendants' Answer admits that the scope of that license was for one year beginning January 14, 2020, and the pleadings state that the use of the photograph exceeded that date. Accordingly, Defendants have failed to state a claim upon which relief may be granted, and the affirmative defense of express license should be dismissed with prejudice. The parties have not adequately addressed the issue of implied license so the undersigned declines to dismiss it at this time.

### B. Estoppel and Equitable Estoppel

Howarth next moves to strike Defendants' estoppel affirmative defenses. Estoppel is an equitable defense that must be pleaded with the specific elements required to establish the defense. *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340-G, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008) (citing *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). A plaintiff is barred from bringing a copyright infringement action under the doctrine of equitable estoppel if: (1) the plaintiff knew the facts of the defendant's allegedly infringing conduct; (2) the plaintiff intended that its conduct be acted upon or acted in such a way that the defendant had a right to believe that

9

plaintiff so intended; (3) the defendant was ignorant of the true facts; and (4) the defendant relied on the plaintiff's conduct to its detriment. *Am. Registry of Radiologic Technologists v. Bennett*, 939 F. Supp. 2d 695, 713 (W.D. Tex. 2013) (citing *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003)).

Here, Defendants allege that: (1) Plaintiff had knowledge of the license purchased by Defendants as of the purchase date on January 14, 2020, and of the alleged infringement as of February 26, 2021; and (2) Plaintiff did not assert its claim until May 4, 2021, and did not file suit until July 20, 2021. Dkt. 28. However, delay alone is insufficient to bar recovery of damages under the defense of equitable estoppel. *Petrella v. MGM*, 572 U.S. 663, 684-85 (2014). Estoppel occurs "when a copyright owner engages in intentionally misleading representations concerning his abstention from suit, and the alleged infringer detrimentally relies on the copyright owner's deception." *Id.* In this case, Defendants have failed to plead any "wrongdoing" or "overt misleading" behavior sufficient to support an estoppel defense. The undersigned finds it should be stricken. *See, e.g., Wesler v. VP Racing Fuels, Inc.*, No. 1:20-CV-176-RP, 2021 WL 4053415, at *8 (W.D. Tex. May 10, 2021), report and recommendation adopted, 2021 WL 4053187 (W.D. Tex. July 2, 2021) (striking affirmative defense of estoppel because defendant failed to articulate any conduct that it relied upon).

### C.     Unclean Hands

Howarth also moves to strike Defendants' unclean hands affirmative defense. Like estoppel, unclean hands is an equitable defense that must be pleaded with the specific elements required to establish it. *T-Mobile*, 2008 WL 2600016, at *2.

"The doctrine of unclean hands applies to a litigant whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing." *Janes v. Watson*, No. SA-05-CA-0473-XR, 2006 WL 2322820, at *16 (W.D. Tex. Aug. 2, 2006). In order for the defense to apply, the plaintiff's misconduct must be "directly related to the merits of the controversy between the parties" and must "in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication." *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), cert. denied, 445 U.S. 917 (1980). Moreover, "[t]he alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct." *Id*.

In this case, the only alleged wrongful conduct identified by the Defendants is the suggestion that Howarth offered a license "that should not have been available," and offered another individual license at a lesser price.  Dkt. 28. Defendants fail to plead any facts demonstrating that this alleged conduct could possibly affect the merits of Howarth's claim for infringement—which includes Defendants' failure to renew their license, and/or to secure a license in their own name. Dkt. 1. Nor have

Defendants identified any "injury" suffered by them as a result of Plaintiff's alleged wrongful conduct. In summary, the defense is insufficiently pleaded, and should be stricken. *See, e.g., Wesler*, 2021 WL 4053415, at *8 (striking affirmative defense of unclean hands where defendant failed to describe the conduct giving plaintiff "unclean hands").

### D.     Innocent Infringement

Lastly, Howarth moves to strike Defendants' innocent infringement affirmative defense, arguing it is insufficient as a matter of law, because an innocent infringement defense is not a bar to recovery, but instead is a limit on damages. Howarth is correct and Defendants' innocent infringement defense should be stricken. *See Pickersgill v. Neely*, 3:21-CV-00773-X, 2021 WL 5163197, at *1-2 (N.D. Tex. Nov. 5, 2021); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2010 WL 4366990, at *46 (S.D. Tex. Oct. 27, 2010) ("With respect to claims brought under the Copyright Act, innocent infringement is not an affirmative defense to liability for infringement of works created after March 1, 1989."); *Live Face on Web, LLC v. Natchez Bd. of Realtors, Inc.*, No. 5:17-CV-122-DCB-MTP, 2018 WL 1247880, at *3 (S.D. Miss. Mar. 9, 2018) ("The affirmative defense of innocent infringement cannot succeed under any set of facts because it is not, in fact, an affirmative defense to infringement liability."); *but see Malibu Media, LLC v. Schmidt*, SA-19-CV-00599-XR, 2020 WL 5351079, at *2 (W.D. Tex. Sept. 1, 2020) (finding that whether Defendants could reasonably conclude that they not infringing copyrighted works is a question of fact that should not be

decided on a motion to strike); *see also D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 34 (2d Cir. 1990) ("The reduction of statutory damages for innocent infringement requires an inquiry into the defendant's state of mind to determine whether he or she "was not aware and had no reason to believe that his or her acts constituted an infringement."). In this case Defendants' innocent infringement affirmative defense states that "Plaintiff's claims and its right to recover therefrom are barred in whole or in part by the affirmative defense of innocent infringement pursuant to 17 U.S.C. § 504." Dkt. 28. To the extent Defendants' innocent infringement defense seeks to "bar" Howarth's claims rather than merely limit damages, it is insufficient as a matter of law, and should be stricken under Rule 12(f).

## IV.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' motion for leave to amend as to Defendants' express and implied license affirmative defenses; and **GRANT IN PART** and **DENY IN PART** Howarth's motion to strike Defendants' affirmative defenses, Dkt. 29. In particular, the undersigned **RECOMMENDS** that the District Court **GRANT** Howarth's motion to strike Defendants' estoppel, equitable estoppel, unclean hands, and innocent infringement[1] affirmative defenses with prejudice, **GRANT** Howarth's motion to dismiss express license defense with

---

[1] This defense should be stricken only to the extent it seeks to bar Howarth's claims, and not to the extent it merely seeks to limit damages.

prejudice under Rule 12(c), and **DENY** the remainder of the motion to strike and to dismiss with regard to the implied license defense.

It is **FURTHER ORDERED** that this cause of action is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 9, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE